Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brandon L. Pang
Rebecca R. Perez
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICKY VILLALOBS (1), and<br>SAUL GARANZUAY (3),<br><br>Defendants. | Case Nos.: 4:24-CR-6018-MKD-1<br>4:24-CR-6018-MKD-3<br><br>Notice of Potential Conflict of Interest |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Brandon L. Pang and Rebecca Perez, Assistant United States Attorney for the Eastern District of Washington submits the following Notice of Potential Conflict of Interest.

PROCEDURAL BACKGROUND

On June 21, 2024, co-defendants Villalobos and Garanzuay were indicted by a Grand Jury in the Eastern District of Washington. On July 24th, 2024, defense counsel Nicholas Marchi was appointed to represent Mr. Garanzuay. ECF 29. On

Notice of Potential Conflict of Interest - 1

July 25, 2024, defense counsel Janelle Carman-Wagner and Ashley Kuhlberg filed a notice of appearance in Ms. Villalobos' case. ECF 43.

At the time of the indictment, the United States was aware that Mr. Garanzuay had a pending state case in Walla Walla County in case number 23-100140-36. That case involved various drug offenses, all based on controlled buys allegedly occurring on May 24, 2023. The United States believed, and continues to believe, that the state case is completely separate from the federal investigation. Mr. Garanzuay was not investigated federally until early 2024, and nothing in the state probable cause reports involve any co-defendants, witnesses, or individuals who may also be involved in the federal case.

Around the time of arraignments of both Mr. Garanzuay and Ms. Villalobos on July 25th, 2024, the United States became aware that Ashley Kuhlberg represents Mr. Garanzuay on his state case. Therefore, counsel for Ms. Villalobos in the federal case represents co-defendant Mr. Garanzuay in his unrelated state case. This potential issue was raised with Magistrate Judge Eckstrom prior to the detention hearings held on August 2, 2024. Defense Counsel Carman-Wagner informed the Court that she had obtained signed waivers from both Ms. Villalobos and Mr. Garanzuay. Based on that, no action was taken.

Recent conversations with assigned defense counsel have caused the United States to review the potential conflict issue. The United States does not believe a conflict exists. Ms. Carman-Wagner has recently confirmed that signed waivers of

Notice of Potential Conflict of Interest - 2

conflict from both defendants, and she has not discussed Mr. Garanzuay's case with Ms. Villalobos. However, out of an abundance of caution, the United States hereby files this notice to make this Court aware of the potential issue. The United States is not seeking a hearing or requesting any action by this Court, but wishes to keep this Court informed. Both defense counsel have been informed of the United States' intention in filing this notice.

## GENERAL LAW OF ATTORNEY CONFLICTS

A defendant is entitled to conflict-free counsel and the United States, while careful not to comment on defense counsel, has an obligation to advise of potential and actual conflicts of interest. Prosecutors are obligated to alert the court to defense counsel's actual conflicts of interest and potential conflicts of interest. See *United States v. McKeighan*, 685 F.3d 956, 966 (10th Cir. 2012). This duty is rooted in the defendant's right to effective and conflict representation and the prosecutor's role as "an administrator of justice, an advocate, and an officer of the court." *McKeighan,* 685 F.3d at 966 (citing ABA Standards for Criminal Justice 3–1.2(b) (3d ed.1993)). Prosecutors are routinely exhorted to advise the court of any conflicts at the earliest possible stage of the proceedings and as circumstances warrant. See e.g*., United States v. Malpiedi*, 62 F.3d 465, 470 & n.3 (2d Cir.1995); *Cerro v. United States*, 872 F.2d 780, 787 (7th Cir. 1989).

///

///

Notice of Potential Conflict of Interest - 3

The Sixth Amendment ensures a defendant's right to conflict-free counsel, which includes both actual conflicts as well as potential conflicts. An actual conflict of interests arises when an attorney "actively represented conflicting interests." *Maiden v. Bunnell*, 35 F.3d 477 (9th Cir. 1994) (quoting *Strickland v. Washington*, 466 U.S. 668, 670 (1984)). Actual conflicts require proof that the interests of a client are in direct opposition of those of the attorney. *Bonin v. Calderon*, 59 F.3d 815, 825-827 (9th Cir. 1995). It is insufficient to show that the attorney's and client's interests may conflict. *Bonin*, 59 F.3d at 825-27 An "actual conflict is defined by its impact" on counsel's representation. *Hovey v. Ayers*, 458 F.3d 892, 908 (9th Cir. 2006). The inquiry into whether an attorney has an actual conflict requires a deep, fact-specific examination of the case "with a particular eye to whether the attorney will, in the present case, be required to undermine, criticize, or attack his or her own work product from the previous case." *Maiden*, 35 F.3d at 480-81. The inquiry is factually based and does not focus on the characterization or type of conflict presented. *United States v. Walter-Eze*, 869 F.3d 891, 901 (9th Cir. 2017).

Potential conflicts refer to the interests of "defendants that may diverge at some point to place the attorney under inconsistent duties." *Cuyler v. Sullivan*, 446 U.S. 335, 356 n.3 (1980). Accordingly, there is an incentive by the courts to inquire even into potential conflicts. See *Mickens v. Taylor*, 535 U.S. 162, 173 (2002) ("in cases where the potential conflict is in fact an actual one, only inquiry

Notice of Potential Conflict of Interest - 4

will enable the judge to avoid all possibility of reversal by either seeking waiver or replacing a conflicted attorney."). The inquiry into a conflict is fact-intensive, but not every situation where an attorney may have knowledge of, or even has represented, someone involved in a defendant's case will lead to the finding of a conflict. See e.g. *United States v. Huynh*, No 08CR2288 BTM-1, 2009 WL 799406 (S.D. Cal. March 24, 2009) (holding that risk of potential conflict based on attorney's former representation of government witness did not warrant disqualification); *United States v. Anderson*, 790 F. Supp. 231 (W.D. Wash 1992) (holding that a defendant's joint defense agreement, which gave counsel limited access to potential government witnesses, did not require disqualification).

In the situation where parties have determined a conflict may exist, either actual or potential, in some circumstance "an attorney may proceed despite a conflict if the defendant has made a voluntary, knowing, and intelligent waiver." *United States v. Martinez*, 143 F.3d 1266, 1269 (9th Cir. 1988) (internal citations omitted).

As noted above, the United States does not believe an actual conflict exists. Mr. Garanzuay's state case and the federal case are unrelated. However, the United States acknowledges that drug cases can sometimes relate in ways not anticipated at the time of indictment and may involve personal or other connections unknown to the assigned AUSAs. But with the waiver of potential conflicts by both Ms. Villalobos and Mr. Garanzuay and with the information currently possessed by the

Notice of Potential Conflict of Interest - 5

United States, the United States is not requesting any action and believes both assigned defense counsel may continue with representation of their respective clients.

Dated this 3rd day of December 2024

                                           Vanessa R. Waldref
                                           United States Attorney

                                           *s/ Rebecca Perez*
                                           Rebecca Perez
                                           Assistant United States Attorney

## **CERTIFICATION**

I hereby certify that on December 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

                                           *s/ Rebecca Perez*
                                           Rebecca Perez
                                           Assistant United States Attorney