FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAUL A GARANZUAY,<br><br>Defendant. | No. 4:24-cr-06018-MKD-3<br><br>ORDER DENYING WITH LEAVE TO RENEW DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 146** |

On Friday, May 9, 2025, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 146). Defendant was represented by court-appointed attorney Nicholas Marchi. Assistant United States Attorney Brandon Pang represented the United States by video from Richland, Washington.

Defendant requests that the Court remove Special Condition Nos. 7–8 to remove GPS location monitoring. ECF No. 146. The United States objects to

ORDER - 1

1  Defendant's request, but United States Probation/Pretrial Services has no
2  objection.
3      When this Court released Defendant on conditions on July 30, 2024, the
4  Court noted several concerning circumstances: the underlying offense of
5  Conspiracy to Distribute Cocaine, the seizure of large sums of cash, the strong
6  weight of the evidence given the involvement of a confidential informant and a
7  controlled buy, and Defendant's ties to Mexico and intent to move there
8  eventually.  ECF No. 91.  Because of those concerns, the Court released Defendant
9  to the community on conditions of release which included GPS monitoring.
10 Additionally, Defendant apparently traveled to Mexico without authorization while
11 on state supervision and was on state supervision when the instant offense is
12 alleged to have been committed.
13     This Court often analogizes release-condition modification with wearing a
14 seatbelt.  Just because one has not crashed their car does not mean they no longer
15 need to wear a seatbelt.  Here, Defendant has seemingly done well on supervision
16 since July 2024, but one factor helping him succeed may very well be GPS
17 location monitoring.  If Defendant's trial is continued, Defendant may renew this
18 motion in October after he has been on supervision without any violations for one
19 year, and the Court will consider removing home detention or GPS location
20 monitoring entirely.

ORDER - 2

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 146**) is **DENIED WITH LEAVE TO RENEW**.

**IT IS SO ORDERED.**

DATED May 12, 2025.

_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3